**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

ERIC D. SMITH, )
                                Plaintiff, )
      vs. )      2:11-cv-206-JMS-DKL
SUPERINTENDENT BROWN, )
                              Defendant. )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

Smith was convicted of multiple counts of arson and one count of conspiracy to commit arson in connection with the arson of an Indianapolis apartment building. These convictions were merged into a single arson offense for the purpose of sentencing, and Smith is now serving the 20-year sentence imposed by the trial court. His conviction was affirmed in *Smith v. State,* 779 N.E.2d 978 (Ind.Ct.App. Nov. 19, 2002), *trans. denied*. The trial court's denial of Smith's petition for post-conviction relief was affirmed on appeal in *Smith v. State,* No. 49A05-0409-PC-495 (Ind.Ct.App. Apr. 13, 2006), *reh'g denied*.

Smith sought habeas corpus relief in this court with respect to his arson conviction. That is the same conviction as to which he seeks habeas corpus relief in the present action. The prior habeas action in this court was docketed as No. 1:06-cv-1352-JDT-TAB. The habeas petition was denied on the merits in a *Judgment* entered on the clerk's docket on November 29, 2006. As a result of Smith's appeal in No. 07-2742, however, that *Judgment* was vacated and the habeas action was dismissed for lack of jurisdiction as an unauthorized second or successive habeas application. 28 U.S.C. § 2244(b); *Burton v. Stewart,* 127 S. Ct. 793, 796 (2007) (stating that the district court was without jurisdiction to entertain the habeas petition because the petitioner failed to receive the required authorization from the Court of Appeals and had "twice brought claims contesting the same custody imposed by the same judgment of the state court."). It was unauthorized because Smith had not obtained the requisite permission from the Court of Appeals to proceed with No. 1:06-cv-1352-JDT-TAB following an earlier habeas action in the Northern District of Indiana in which he had likewise challenged the arson conviction and which had likewise been decided on the merits.

Smith made the same effort in No. 2:10-cv-234-WTL-DML, which was dismissed for lack of jurisdiction on September 10, 2010. Smith seeks relief in this action based on his claim that his sentence has been fully served.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). The "idea behind [the rule in § 2244(b)] is that a prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack." *O'Connor v. United States,* 133 F.3d 548, 550 (7th Cir. 1998). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.* (emphasis added in *In re Page*); *see Burton v. Stewart*, 127 S. Ct. 793 (2007).

The Supreme Court does not interpret the phrase "second or successive" in an "overly literal" manner, and recognizes that some types of second petitions do not "implicate the judicially developed abuse of the writ principles that were the basis for AEDPA's statutory restrictions." *Vancleave v. Norris,* 150 F.3d 926, 928 n.2 (8th Cir. 1998) (citing *Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998)). "Identifying 'second or successive' motions is easy only in the paradigm case--the prisoner files a motion, loses on the merits, exhausts appellate remedies, and then files another motion." *Johnson v. United States,* 196 F.3d 802, 804 (7th Cir. 1999). The present action is a paradigm case–Smith filed a prior petition, lost on the merits, and has filed another habeas petition challenging the same conviction/sentence.

On the basis of the foregoing, the court concludes that the habeas petition filed by Smith on August 17, 2011, is an unauthorized second or successive petition within the meaning of § 2244(b). It is unauthorized because he has not obtained the requisite permission from the Court of Appeals to proceed with it. Under these circumstances, the action must be dismissed for lack of jurisdiction. "'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Smith has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 08/30/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana