UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-206-JMS-DKL |
| | ) | |
| SUPERINTENDENT BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Post-judgment Motions**

Eric Smith is confined in an Indiana prison serving the executed portion of a sentence imposed following his conviction after trial by jury of arson. *See Smith v. State,* 779 N.E.2d 978 (Ind.Ct.App. Nov. 19, 2002), *trans. denied*.

Contending that he has fully served his sentence and that he was entitled to his release, Smith filed a petition for writ of habeas corpus on August 17, 2011. The court examined the habeas petition, considered Smith's other habeas challenges to the arson conviction, and dismissed the action pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court*. In explaining the disposition which was required, the court explained that "the habeas petition filed by Smith on August 17, 2011, is an unauthorized second or successive petition within the meaning of § 2244(b). It is unauthorized because he has not obtained the requisite permission from the Court of Appeals to proceed with it. Under these circumstances, the action must be dismissed for lack of jurisdiction." Judgment dismissing the action for lack of subject matter jurisdiction was entered on the clerk's docket on August 30, 2011.

The entry of judgment was followed with the filing on September 7, 2011, of Smith's motion to reconsider. Smith has also filed a motion for appointment of counsel.

Given the timing and content of the motion to reconsider, the motion will be treated as a motion to alter or amend judgment under Rule 59(e) of the *Federal Rules of Civil Procedure,* the purpose of which is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988).

The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion–newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact, and the Smith does not submit newly-discovered evidence or suggest that there has been a change in the law. The court did not misapprehend the Smith's claim that his sentence had been served and that he was entitled to be released, nor did it misapply the law to that claim in light of the applicable law. Smith's motion to reconsider [7], treated as a motion to alter or amend, is therefore **denied.**

Smith's motion for appointment of counsel [8] is likewise **denied** because it is not in the interests of justice that such action be taken.

**IT IS SO ORDERED.**

Date: 10/27/2011

*(signature)*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Eric D. Smith
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
P.O. Box 500
Carlisle, IN 47838