UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC D. SMITH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SUPERINTENDENT BROWN, )<br>)<br>Defendant. ) | 2:11-cv-206-JMS-DKL |

**Entry Discussing Motion to Set Aside Judgment**

This action in which Eric Smith, an Indiana prisoner, sought a writ of habeas corpus, was dismissed for lack of jurisdiction because the court found the habeas petition was an unauthorized second or successive such petition over which the court lacked jurisdiction. Judgment was entered on the clerk's docket on August 30, 2011. A motion to alter or amend judgment was denied.

Now before the court is Smith's motion to set aside judgment, which is treated as a motion for relief from judgment because it was filed more than 28 days after the entry of judgment on the clerk's docket. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006)("Rule 60 of the FED. R. CIV. P. regulates the procedure for obtaining relief from final judgments.")(citing *Wesco Prods. Co. v. Alloy Auto. Co.,* 880 F.2d 981, 983 (7th Cir. 1989)); *see also Kiswani, Kiswani v. Phoenix Sec. Agency, Inc.,* 584 F.3d 741, 743 (7th Cir. 2009) (when a motion otherwise appropriate for consideration under Rule 59(e) is not timely filed, it "automatically becomes a Rule 60(b) motion").

Rule 60(b) enables a court to grant relief from a judgment under the particular circumstances listed in the Rule. *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Smith's motion for relief from judgment is not based on any of the foregoing. Instead, his motion rests entirely on his argument that the dismissal of the habeas petition and the reasoning compelling that decision are tainted by legal error. That argument, however, was already made and rejected in Smith's motion to alter or amend judgment. Aside from its redundancy, it cannot properly be presented here. Rule 60(b) does not provide an avenue for asserted legal error. *See Marques v. FRB*, 286 F.3d 1014, 1018-19 (7th Cir. 2002) ("A legal error is not one of the specified grounds for [a 60(b) motion]. In fact, it is a forbidden ground."). The appropriate means by which to assert alleged legal errors is by a timely appeal. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (Rule 60(b) "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of the law."); *see also McKnight v. United States Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal.").

Smith's motion to set aside judgment treated as a motion for relief from judgment [15] is **denied**.

**IT IS SO ORDERED.**

Date: 12/06/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Eric D. Smith
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
P.O. Box 500
Carlisle, IN 47838